THE PRESIDENT, DIRECTORS AND COMPANY OF THE MAHAIWE BANK v. JOSHUA CULVER.

The defendant. J. C., covenanted, upon the plaintiff's agreeing to give an extension of credit to B. C., on his executing a mortgage for $4,000, that "if the title of the said B. C. *is* good (which said J. does not warrant), the same (i. e., the farm) shall bring on foreclosure sufficient, after payment of" certain prior mortgages, " to satisfy the said mortgage" to the plaintiff, &c. *Held*, this was an absolute covenant that on a foreclosure the premises should bring enough to pay the plaintiff's mortgage "if the title of B. C. *is* good."

And that the covenant meant what is literally expressed, viz: that the farm should bring enough, on foreclosure, to pay the plaintiff's mortgage, if the mortgagor's title was good, i. e., not in fact legally defective.

And it being neither averred nor proved that B. C.'s title to the premises mortgaged to the plaintiff was defective within the intent and meaning of the defendant's covenant, *it was held* that the existence of an adverse claim to the farm, and the pendency of a suit respecting it, at the time of foreclosing a prior mortgage, did not establish a defect in the title, or constitute any defense to an action on the covenant.

ONE Backus Culver was indebted to the plaintiff, upon notes discounted by the bank, to the amount of $4,000. He applied to the bank for an extension of his indebtedness, and proposed as security to give a bond and mortgage on his farm in Amenia. This the plaintiff declined to accept without a covenant of security that the farm was worth enough to pay the mortgage offered. There were at the time incumbrances on the farm,—one mortgage for $10,000, and others. Culver gave a covenant to the plaintiff, signed by the defendant, his son, by which the defendant covenanted with the plaintiff for the consideration of one dollar that the farm was of sufficient value to pay the previous mortgages, and the one given to the bank if the title of Backus Culver was good (which the defendant did not warrant); that the same should bring on foreclosure sufficient, after payment of those before the one to the bank, to satisfy the mortgage to the plaintiff. And if, upon the foreclosure of either of said mortgages, there should

be a deficiency in the amount applicable to the $4,000 mortgage, with interest and costs, he, Joshua Culver, would pay such deficiency to the plaintiff.

No evidence was given on the trial, but the parties admitted that Eliza Davis commenced a suit against the defendant and Backus Culver to recover a portion of the farm as one of the heirs of the previous owner. That such case had been tried, and on the second trial a verdict was rendered for the defendant, from which the plaintiff in that action appealed. That while the appeal was pending, one of the prior mortgages had been foreclosed and the property sold for a sum that left no surplus above the mortgage foreclosed, whereupon the suit of Davis was settled and discontinued.

The special term rendered judgment for the plaintiff for the amount due, and interest, which was affirmed by the general term and the defendant appealed to this court.

*E. More*, for the appellant.

*G. Dean*, for the respondent.

INGRAHAM, J. The only questions raised in this case are in regard to the construction of the covenant of the defendant; and if the construction contended for by the defendant is the correct one, whether the title to the farm of Backus Culver was defective. The covenant contained two provisions: one that the farm would if the title of Backus Culver to it was good, sell for enough to cover the prior mortgages and the one due to the bank, and the other that if upon foreclosure of either of the mortgages there should be a deficiency in the amount applicable to the plaintiff's mortgage he, the defendant, would pay such deficiency.

It seems to me hardly necessary to decide whether the defect in the title was proved, or whether if it had been, it would have affected the defendant's liability under the first part of the agreement. The latter part of the defend-

ant's covenant bound him to pay any deficiency that might exist on a sale of the premises under a foreclosure of either of the mortgages. It was not in any manner made depend ant on the previous condition, and it was by no means affected by any defect of title of Backus Culver. The mortgage foreclosure was of a mortgage given by Joshua Culver. His title was undisputed. The title given by the foreclosure was not disputed, and on the sale all claim to the premises was abandoned. There was no necessary connection between the two conditions. The first covenant was as to the sufficiency of the farm to pay all the claims upon it. This was made conditioned on the validity of the title of Backus Culver. The second was an agreement to pay any deficiency on the mortgages. It is undoubtedly a rule in the construction of contracts, that they are to be construed in the light of the surrounding circumstances, with a view to ascertain the intent of the parties. (*Waldron* v. *Willard,* 17 N. Y. Rep. 466.) The application of that rule would not help the defendant here. If the condition as to the title could be made applicable to the second provision it would be to excuse the defendant's liability if from such defect of title, the foreclosure became ineffectual. Where the title given is perfect, and the supposed defect does not in any manner affect the sale, there is no good reason why the defendant should be relieved from liability.

But even under the first provision of the covenant the defendant would not, as this case comes before us, be entititled to relief. The admission shows it is true that a claim had been made for a part of the property, but it also shows that the court had decided adversely to the claim and the claimant had appealed, but that afterwards the claim was abandoned and the action discontinued. It was for the defendant to show the defect in the title. A mere claim by action did not establish it, and it certainly was not strengthened by a decision adverse to the claim. Giving the defendant all the benefit he could derive from the construction of the contract as claimed by him, he has not

established any right to relief.    There is no proof that the title was defective, and the evidence in the admission is that the court held the title good.

The first provision of the agreement may be read so as to contain two stipulations: 1st. that the value of the farm was enough to pay all the incumbrances upon it; and 2d. if the title of Backus was good the same would bring on foreclosure (of Backus Culver's mortgage) sufficient to pay all.    With this construction, there would be no ground for applying the exception to the latter provision.

But under any view of the case there is no evidence from which we could say the title was defective.

The judgment should be affirmed.


WRIGHT, J.    The question in the case is a narrow one, depending on the construction of the defendant's contract.

The words of the covenant are:    "If the title of said Backus is good (which said Joshua does not warrant), the same (that is, the farm), shall bring on foreclosure sufficient after payment of those before the one to the bank, to satisfy the said mortgage to the president, directors and company of the Mahaiwe Bank, with costs of foreclosure."    The plaintiff claims this to be an absolute covenant that on the foreclosure, the farm shall bring enough to pay the plaintiff's mortgage, "if the title of Backus Culver *is* good," and this seems to be the reading of the contract.    The defendant, on the other hand, insists that the intent and meaning of the covenant is, that if Backus Culver's title to the farm is good—that is, there is no real *bona fide* adverse claim rendering it uncertain—at the time of foreclosure and sale under any of the mortgages, it shall bring a sum sufficient after paying all prior ones, to satisfy the plaintiff's mortgage; and that there was no breach of covenant, as at the time the mortgage was foreclosed and sale made, there was a suit pending on appeal, involving Culver's title to the farm—a real, *bona fide* adverse claim—which was then undetermined.    But this could not have been the

intent or meaning of the parties by the expression, "if the title of said Backus is good (which said Joshua does not warrant)." The parties were agreeing for an extension of credit to Backus Culver for one year, and the plaintiff's bond and mortgage were payable a year after date, and no steps could be taken to foreclose it until May, 1858, whilst the prior mortgages upon the farm were not under the plaintiff's control, and for aught that appears, the very mortgage on which the property was sold was controlled by the defendant himself. It could not certainly, under these circumstances, have been the intent of the parties, or the meaning of the covenant, that Backus Culver's title should be good at any time any one of the prior mortgagees might choose to foreclose and sell the mortgaged premises. Again, the parties knew of the particular claim of Eliza Davis, and undoubtedly the covenant was framed in reference to it. Her suit assaulting Culver's title to the farm, on the ground of undue influence and essential incapacity of his grantor, had been pending three years, and was undetermined when the covenant was made. Knowing that this pretended cloud was being asserted, the defendant agrees that if the title to his father of the farm that he mortgages to the plaintiff is good (which he does not warrant), it shall bring on foreclosure, sufficient to satisfy the plaintiff's mortgage, and all prior mortgage liens. Evidently the covenant means what it literally expresses, that the farm shall bring enough on foreclosure, to pay the plaintiff's mortgage, if the mortgagor's title is good. That is, not in fact, legally defective. The answer of the defendant did not aver any defect of title in Backus Culver, to the premises mentioned in the covenant, and the proof showed that the only person questioning it was Eliza Davis, whose claim within a month after the date of the covenant, was by the judgment of the supreme court, declared to be invalid. What was an apparent cloud, when the covenant was executed, and led doubtless to its peculiar frame, disappeared in June, 1857. Judgment went against her, and

in favor of Culver's title, long before there could have been a foreclosure of the plaintiff's mortgage. That judgment has never been reversed; and although an appeal was brought, it was abandoned, and the action discontinued several months before the present action was commenced, and more than a year prior to the trial.

It was not therefore, averred or proved that Culver's title to the premises mortgaged to the plaintiff, was defective within the intent and meaning of the defendant's covenant. The judgment should be affirmed.

All the judges concurred, except Selden, J., who did not examine the case.

Judgment affirmed.