BROWN, appellant, v. MAYOR, ETC., OF NEW YORK.

*New York city — Statutory construction — laws* 1870, *chap.* 383; 1871, *chap.* 5; 1872, *chap.* 580 — *Contract for improving streets — invalid contract — certificate of commissioners.*

By Laws of 1870, chap. 383, § 1, the commissioner of public works of New York city is "directed to immediately contract for the regulating and grading of the Tenth avenue from Manhattan street to One Hundred and Fifty-fifth street." *Held*, that the intention was that the contract should be made in compliance with the existing laws and not arbitrarily on such terms and with such person as the commissioners might choose.

*Held,* also, that the act in question authorized the commissioner to contract only for regulating and grading and not for setting the curb and gutter stones and flagging the sidewalks.

By Laws 1872, chap. 580, no contract of certain specified kinds is to be held valid unless the commissioners appointed therein shall certify in writing "that they are satisfied that no fraud has been perpetrated in relation thereto or in the performance thereof." *Held*, that a certificate by the commissioners that they "are satisfied that there has not been any fraud in relation to the making or entering into the contract," was insufficient as not certifying that the commissioners are satisfied (1) that no fraud has been perpetrated in relation to the contract, but limiting the question of fraud to the making or entering into the contract; or (2) that no fraud has been perpetrated in the performance of the contract; and the latter requirement was not affected by the fact that the contract had not been wholly performed.

A portion of the contract price had been paid upon an invalid contract for improving a street in New York city. *Held*, that an act of the legislature (Laws 1871, chap. 5) directing the assessment upon the property benefited, of the expense actually incurred by the city in doing the work, did not render the city liable under the contract or deprive it of any defense it might have thereto.

APPEAL from a judgment dismissing the complaint. The action was founded on an alleged contract dated September 27, 1870, made by plaintiff with defendant, for regulating, grading and setting curb and gutter stone and flagging the sidewalks in Tenth avenue in the city of New York, amounting to $326,254.50, on which he had been paid $206,257.50, leaving a balance due of $90,337.50. The issue came on to be tried before VAN BRUNT, J., who, after the plaintiff had rested, directed a judgment of dismissal of the complaint on the grounds set out in the opinion of the general term. This is an appeal from such judgment of dismissal.

*Develin, Miller & Trull,* for appellant.

*E. Delafield Smith,* for respondent.

DAVIS, P. J.   This action was tried before Mr. Justice VAN BRUNT, at circuit.   At the close of the plaintiff's case, the complaint was, on motion of defendant's counsel, dismissed with costs.   The action was brought upon a contract made by the commissioner of public works, on behalf of the city, with the plaintiff on the 27th day of September, 1870, "for regulating, grading and setting curb and gutter stones in Tenth avenue, from Manhattan to One Hundred and Fifty-fifth street, and flagging the sidewalks thereof."   The questions raised upon the motion to dismiss the complaint were substantially:

First. That the commissioner of public works had no authority under the law to enter into the contract.

Second. That the contract was not founded upon sealed proposals, in compliance with the provisions of section 38 of the charter of 1857, and section 1 of the act of April 17, 1861 (Laws 1861, ch. 308), entitled "An act relative to contracts by the mayor, aldermen and commonalty of the city of New York."

Third. That the certificate of the contract commissioners appointed under the provisions of chapter 580 of the Laws of 1872, was not in accordance with the requirements of the act, and did not validate the contract or relieve it from the objections as to the authority of the officer who made it.

On these grounds the learned justice granted the motion.

Section 38 of the charter of 1857 and the act of April 17, 1861 (Laws 1861, ch. 308), require that all contracts shall be made by the

appropriate heads of departments, and shall be founded on sealed proposals, made in compliance with public notice advertised in such newspapers of the city as may be employed for that purpose; that such notice shall be published ten days, and that all contracts shall be given to the lowest bidder, who shall give security, etc.  ·

It was substantially conceded at the trial that the contract in suit had been made by the commissioner of public works with plaintiff, without compliance with any of the requirements of the above provisions. It has been repeatedly held that a contract so made is void. *Brady* v. *Mayor of New York*, 2 Bosw. 173; S. C., affirmed by court of appeals, 20 N. Y. 312; *McSpedon* v. *Stout*, 4 Abb. 22; *McSpedon* v. *Mayor of New York*, 7 Bosw. 601; *Peterson* v. *Mayor of New York*, 17 N. Y. 449; *Bliss* v. *Mattison*, 52 Barb. 349.

It is, however, insisted by plaintiff that the power to make this contract, without compliance with the formalities required by the existing laws, had been expressly conferred by the legislature upon the commissioner of public works.

In section 1 of the act of April 26, 1870, entitled "An act to make further provisions for the government of the city of New York" (Laws of 1870, ch. 383), a clause appears in the words following: "The commissioner of public works is hereby directed to immediately contract for the regulating and grading of the Tenth avenue, from Manhattan street to One Hundred and Fifty-fifth street." This act, it will be observed, became a law on the 26th of April, 1870. The contract with plaintiff was not made till the 27th of September, 1870. No construction founded upon the idea of immediate necessity, rendering it impracticable or inconvenient to comply with the forms of existing laws, need be given. It is not easy to see that this provision. goes any further than to clothe the commissioner with power to contract without preliminary action of the common council, or any other local authority, to determine the necessity or expediency of the work. It is a direction to proceed immediately to contract; but how? It does not assume to direct the manner of contracting, nor indicate the person with whom the contract shall be made, and hence the reasonable construction is, that the contract was intended to be made in compliance with the existing laws, and not arbitrarily, on such terms, and with such person as the commissioner might choose.

But, however this may be, it is clear that the contract was not made in conformity with the authority given by the provision of

the act of 1870, above quoted. That provision only gave authority to contract for the regulating and grading of the street. The power assumed under it was not only to contract for the regulating and grading, but also for "setting the curb and gutter stones, and flagging the sidewalks" — an addition which, as the bills in the case show, added many thousand dollars to the price to be paid. The authority conferred was not pursued; hence the contract must be deemed to be subject to the general law, and, within the authorities, is invalid unless cured by the certificate of the contract commissioners.

The plaintiff proved and read in evidence a certificate of the commissioners appointed under ch. 580 of the Laws of 1872, indorsed on said contract. The first section of that chapter declares that "no contract or agreement made or entered into within five years last past by any department or officer" of the kind mentioned therein "shall be held regular, sufficient or valid" when any of the several defects specified in the act exists, "unless the commissioners hereinafter appointed or a majority of them shall certify in writing upon the contract or agreement that they are satisfied that no fraud has been perpetrated in relation thereto, or in the performance thereof; but such contracts and agreements are hereby ratified and confirmed and declared to be valid and binding in each and every case in which such commissioners or a majority of them shall certify as hereinbefore provided." The omissions and defects in the manner of making the contract in this case, and the want of authority of the officer to make the same are of the kind which this statute declares may be cured by the prescribed certificate, but which it also declares shall be fatal unless the certificate be obtained. The certificate of the commissioners was made on the 5th day of August, 1872. It appears that at that time the work under the contract was about four-fifths done. The certificate certifies that the commissioners "are satisfied that there has not been any fraud in relation to the making or entering into the contract." The statute requires that the commissioners certify on the contract "that they are satisfied that no fraud has been perpetrated in relation thereto or in the performance thereof."

The certificate given fails to comply with the statute in two particulars: First. It does not certify that the commissioners are satisfied that no fraud has been perpetrated in relation to the con-

tract, but limits their consideration of the question of fraud to "the making or entering into the contract."

It is not difficult to conceive that frauds may have been perpetrated "in relation to the contract," which may properly be said not to be "frauds in relation to the making or entering into the contract." The one certificate is broader and more comprehensive than the other, and it is the broader one which the statute requires.

Second. The certificate does not certify that the commissioners are satisfied that no fraud has been perpetrated in the performance of the contract. It is urged that this requirement relates only to contracts that have been wholly performed, while this contract had been but about four-fifths performed. This distinction does not seem to be sound. Whatever had been done under the contract was clearly done in "performance" of it; and to hold that, because the contract had not been fully completed, therefore the question whether frauds had been perpetrated in doing four-fifths of the work under it was not to be investigated by the commissioners, is to give a narrow and very stringent operation to the act. On the contrary, the purpose was to require an investigation which should determine, before an invalid contract should become valid by force of the statute, that there had been no fraud in relation thereto and none in the performance of it, whether complete or incomplete.

The learned justice was, therefore, correct in ruling that the contract was not obligatory upon the defendants.

But it is insisted that the act of the legislature, passed January 20, 1871 (Laws of 1871, ch. 5), has ratified and made valid the contract in question. That act authorizes and directs the board of assessors to assess upon the property benefited in the manner provided by law, the expense which has been or shall be actually incurred by the mayor, etc., in the regulating, grading and setting curb and gutter stones, and flagging sidewalks in Tenth avenue, from Manhattan street to One Hundred and Fifty-fifth street.

It might, perhaps, be answered to this position that since the contract made by the commissioner of public works was, and is void, no expense under it has been incurred by the city; but a better answer is found in the fact that no reference is made to any contract, and no intent is manifest in the law to deprive the city of any defense existing against any contract. The provision is equally applicable to any expense that may have been incurred for the purposes named independently of plaintiff's contract. Besides, it

appears that a very considerable amount had been paid by the officers of the corporation for work done by plaintiff, and it may well be said that the intention was to enable the assessment and collection of such moneys without affecting in anywise the validity of the contract itself. It often occurs that the legislature authorizes assessments to indemnify towns and counties for moneys expended or liabilities incurred, but it has probably not been held that by so doing it conclusively establishes a liability on the part of the town or county which before had no legal existence by making valid an unlawful contract.

The judgment appealed from should be affirmed.

DONOHUE and DANIELS, JJ., concurred.

*Judgment affirmed.*