McDonald v. Mayor of New York, appellant.

*Municipal corporation — when not liable for materials used — authority of officers.*

Plaintiff sold and delivered a quantity of material for road building under an agreement with the superintendent of roads of defendant, a municipal corporation. The materials were used on the roads of defendant. In an action to recover the value thereof, *held,* that defendant was not liable, it appearing that the superintendent had no authority to make the contract with plaintiff.

Appeal by defendants from a judgment in favor of plaintiff entered on report of a referee. The action was brought by William McDonald against the Mayor, Aldermen and Commonalty of the city of New York to recover the value of certain quantities of gravel, etc., which plaintiff alleged he had furnished the city in the years 1868 and 1870. The delivery was under an agreement with the superintendent of roads, and the materials were used on the public roads. The defendants resisted the claim on the ground that the superintendent was not authorized to make the purchase. The cause was referred and plaintiff had judgment for the amount claimed. Defendants appealed.

*E. Delafield Smith,* for appellants, cited *Fairtitle* v. *Gilbert,* 2 Durn. & East. 169 ; *Hodges* v. *City of Buffalo,* 2 Den. 110–112 ; *Brady* v. *Mayor,* 2 Bosw. 173 ; S. C., 20 N. Y. 312 ; *Appleby* v. *Mayor,* 15 How. 428 ; *Supervisors* v. *Bates,* 17 N. Y. 272 ; *Smith* v. *Mayor,* 4 Sandf. 227 ; S. C., 10 N. Y. 508 ; Dillon on Municipal Corp., § 372.

*Henry Parsons,* for respondent, cited *Detwiller* v. *Mayor,* 1 N. Y. Sup. 657.

Davis, P. J. The recovery in this case is for the value of materials furnished by plaintiff and used by certain officers of the city in the repairing of public streets. There is no question but that the materials were furnished and used ; nor that the recovery is for their fair value ; and there seems to be no doubt but that the plaintiff who delivered them, and the officer who ordered and received and

used them, acted in good faith. To reverse the recovery under such circumstances seems a harsh measure of justice. But it must not be forgotten that officers of the corporation and of its several departments act under well-defined and limited authority, and can make no contracts binding upon the city except within the authority conferred, and in conformity to the mode prescribed. A relaxation of this rule would leave the city a prey to the discretion of its numerous officials, by whom unlimited liabilities might be created. All persons dealing with such officers are bound to know the laws and regulations affecting their authority, and to see to it that the power to contract not only exists but that its exercise substantially conforms in the particular instance to the modes prescribed by statute or ordinance.

In the case at bar, treating the delivery of the several cargoes as separate items, the superintendent of roads had no authority to make the contracts of purchase, without the necessity therefor being first certified, by the head of the appropriate department, to the common council, and the expenditure being, upon such certification, ordered by the common council. Laws of 1857, chap. 446, § 38. This objection was distinctly made before the referee, and it could not be obviated by any presumption. It was elementary in the authority itself, and where it does not appear, either by proof or admission, no presumption from the acts of the officer can supply the omission. The absence of such proof was fatal to the recovery.

Or, if we treat the demands of plaintiff as arising under one contract, and thus constituting a single item exceeding $250, the objection that the contract was not made upon sealed bids or proposals invited by public advertisements is equally fatal. Laws of 1857, chap. 446, § 38.

The authorities on this subject are numerous and decisive. *Brady* v. *Mayor of N. Y.*, 20 N. Y. 312 ; *Hodges* v. *City of Buffalo*, 2 Denio, 112 ; *Appleby* v. *Mayor of N. Y.*, 15 How. 428 ; *Supervisors of Rensselaer* v. *Bates*, 17 N. Y. 242 ; *Smith* v. *Mayor of N. Y.*, 10 id. 508 ; Dillon on Municipal Corporations, § 372 ; *Ellis* v. *Mayor of N. Y.*, 1 Daly, 102.

The judgment must be reversed and new trial ordered, with costs to abide event.

BRADY and DANIELS, JJ., concurred.

*Judgment reversed, new trial ordered.*