JOHN H. MURTEN, APPELLEE, V. ALBERT F. GARBE,
APPELLANT.

FILED MAY 13, 1912.   No. 16,676.

1. **Malicious Prosecution: PETITION: SUFFICIENCY ON APPEAL.** If the allegations of a petition charge both a malicious prosecution and a false imprisonment in one count or cause of action, and there is no objection on that ground until after trial and judgment, such objection will not be considered upon appeal.

2. ———: JUSTIFICATION. If one makes use of a criminal statute to bring about the unlawful arrest and imprisonment of another, without probable cause for so doing, he cannot justify such arrest and imprisonment on the ground that the statute is unconstitutional or is so defective that there could be no conviction under it.

3. **Embezzlement: SUFFICIENCY OF COMPLAINT.** In a prosecution under chapter 170, laws 1907, it is not material when the relation of landlord and tenant began, or will terminate. It is sufficient in that regard if the defendant was the tenant, and as such tenant was in possession of the property when embezzled by him.

4. **Appeal: ASSIGNMENT OF ERRORS: REVIEW.** Alleged errors not specifically assigned in the motion for new trial will not ordinarily be considered in this court, especially in civil cases.

5. ———: SUFFICIENCY OF EVIDENCE: BRIEFS. When it is contended that there is no evidence upon some particular issue, and the record is voluminous, the brief should refer to all evidence in the record bearing upon the point in question. Unless it is clear that some issue of fact essential to the finding and judgment is substantially unsupported, the judgment will not be reversed for a failure of evidence.

APPEAL from the district court for Fillmore county: LESLIE G. HURD, JUDGE. *Affirmed.*

*Charles O. Whedon* and *H. P. Wilson,* for appellant.

*Charles H. Sloan, F. W. Sloan* and *J. J. Burke, contra.*

SEDGWICK, J.

This is an appeal by defendant from a judgment of the district court for Fillmore county.

The petition alleges that the defendant, "without reasonable or probable cause therefor, charged the plaintiff before the Honorable W. R. Fulton, County Judge of Fillmore county, Nebraska, with the crime of felonious embezzlement." The petition then alleges that the defendant, "falsely and maliciously and without probable cause therefor," caused the county judge to issue a warrant and this plaintiff to be arrested on such charge "and to be forcibly brought before" the county judge, and that he was obliged to give bond for his appearance at a later day; that the case was then heard and the plaintiff discharged and the prosecution ended, with allegations of damage, general and special. The defense alleged will be considered hereafter so far as is necessary for an understanding of the questions presented.

1. The first objection is that the petition does not state a cause of action. The principal contention in support of this objection is that the statute under which the prosecution against this plaintiff was brought is unconstitutional, and is otherwise so defective as not to create any crime, and that therefore the complaint did not charge any offense. The statute in question is chapter 170, laws 1907, which is as follows: "If any tenant or lessee shall without the consent of his landlord take, embezzle, dispose of, or convert to his own use the share or portion or any part thereof of the crop or products belonging to his landlord with intent to defraud the landlord thereof such person or persons shall be punished in the manner prescribed by law for feloniously stealing property of the value of the article or articles so embezzled, taken, disposed of or so converted." And the criminal complaint alleged the facts necessary to constitute an offense if the statute is valid. We do not consider it necessary to enter upon a critical discussion as to the validity and the scope and effect of this statute. The petition, as above indicated, sets out in general what are alleged to be the facts in regard to the transaction. It does not designate the action as for malicious prosecution or false imprisonment, and there

was no motion or attempt in any way to require him to do so. If the defendant made use of the provisions of this statute to bring about an unlawful arrest and imprisonment of the plaintiff, and without any probable cause for so doing, he is not now in position to rely upon the alleged unconstitutionality of, or defects in, the statute which he so used. "The defendant in an action for malicious prosecution will not be permitted to urge the insufficiency of the complaint on which he caused the plaintiff's arrest as a defense to the action." *Minnesota Threshing Machine Co. v. Regier*, 51 Neb. 402. *Hackler v. Miller*, 79 Neb. 209.

2. There is no merit in the objection that the statute is *ex post facto* as relates to the transactions involved herein. It is immaterial that the lease under which this plaintiff held the premises was executed before the statute in question took effect. The criminal complaint alleged that at the time of the alleged conversion of the property the relation of landlord and tenant existed, and, that being true, it is immaterial when that relation originated or how long it was to continue.

3. The third and fourth assignments of error relate to the giving of two several instructions. These supposed errors were not so assigned in the motion for new trial as to entitle them to consideration, nor do they seem to possess much merit.

4. The remaining objections relate to the sufficiency of the evidence to support the verdict. The defendant says in the brief that "there is not a syllable of testimony that Garbe did not tell all of the facts" to the attorney whom he consulted and upon whose advice he relied in bringing the prosecution. "In the absence of any conflict in the evidence, therefore, on this point, Garbe had probable cause to file the complaint. The question as to probable cause was one of law, and the court should have instructed the jury to find for the defendant." The plaintiff says: "The question of probable cause and the matter of full disclosure was fairly submitted to the jury in the charge of the court, and the instructions presented by appellant

on this subject are substantially incorporated in said charge. The evidence of the appellant was conflicting and unsupported either by the county attorney or by his private counsel, H. P. Wilson, who assisted in the trial, and, as the same was flatly denied, the jury were entitled to discredit his testimony, if they found the same not to be credible." There is no abstract of the record, and there is no reference to the record in either brief in support of the respective assertions of the attorneys. From our investigation of the record upon this point, it seems that it is not so clear that the defendant in good faith made a full and correct statement of the facts to his attorneys and relied upon the advice of counsel in commencing the prosecution as to require the court to determine that matter as a question of law.

We do not find any error in the record requiring a reversal, and the judgment of the district court is

AFFIRMED.