By the Court. The objection to the new assignment is, that *324 there was but one act of trespass, viz., when the plaintiff was arrest ed upon the execution ; and that the former judgment pleaded .was a sufficient bar; all the consequences of the trespass being merged in the first action. But the imprisonment is the gist of the action, and every continuation of it is a new trespass; so that the plaintiff might well have brought his action for an assault, &.c., committed on the day after the date of his former writ; and if so, he might well assign that anew.
By the statute of 1808, c. 65, $ 6, it is provided, that an oxeen ti on, issued against a manufacturing corporation, if not satisfied within fourteen days after a demand made upon the president, treasurer or clerk of such corporation, may be levied upon the body or estate of any member or members of such corporation. But it must be the same execution. If the demand be made by virtue of one execution, the levy cannot be made upon another issued upon the same judgment, without a new demand and the lapse of fourteen days thereafter. In this case it appeared that the demand was made upon the first execution, and the arrest of the plaintiff was made upon an alias execution, without any new demand. The officer therefore, on this ground, was not justified.
Further, the person upon whom an execution is so levied, must be a member of the corporation at the time of the levy. In this case the plaintiff had transferred his interest in the stock of the company, and so had ceased to be a member, before the defendant arrested his body upon the execution. He was then not liable to arrest; and upon this ground, also, the defendant fails in his justi fication.

Judgment on the verdict.

* [Note. By the statute of 1817, c. 183, if there has been a demand upon the original execution, an alias execution may be levied upon the individual members, without any new demand; and upon any one, who was a member of the corporation when the debt accrued, upon which the execution issued. 1