CHRISTOPHER C. ELLIS *v.* THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK.

A contract by the Street Commissioner, without the authority of the Common Council, according to § 12 of the Charter of 1853, for the construction of a stone wall along the sides of a street, to protect the embankment, is in contravention of the statute, if the whole work involves an expenditure of over $250.

The fact that the wall thus built was in four detached pieces, at wide intervals apart, for each piece of which the expense was less than $250, will not take the case out of the prohibition of § 12, it appearing that the wall was directed to be done at the same time, and was a continuous work. It must be regarded as falling within a single contract or direction of the Street Commissioner, and is therefore within the prohibition.

The Street Commissioner, in order to protect a street embankment which was being built under his direction, ordered two basins to be built to carry the water from the surface of the street into the sewer,—*Held*, that he had no authority to make any contract for the building of such basins, and the contractor therefor could not recover.

The Street Commissioner has cognizance of only that part of the street improvements which consist in their opening, regulating and paving, (*charter*

*of* 1849, § 12). The construction of basins connected with the sewers, and forming part of the means by which the underground drainage of the city is effected, is exclusively within the duties of the Croton Aqueduct Board. *Charter of* 1849, § 15.

The Street Commissioner, though in some respects he may be regarded as the agent of the corporation, is not, however, such an agent as can bind his principal, generally. He is an independent public officer, acting under special statutory authority, but controlled by the corporation ordinances; and therefore like one acting under special instructions, from which he cannot depart, and of which parties dealing with him are presumed, and bound, to have knowledge. He cannot bind the corporation except in respect to those acts which fall within his limited duties and authority.

APPEAL by the defendants from a judgment entered on the report of referee.

The plaintiff's assignor contracted with the defendants to set the curb and pave Fifty-fourth street, from Third to Fourth Avenues. The plaintiff, under the direction of the Street Commissioner, while carrying on the contract, did certain work upon the line of the street, not called for by the contract, and for which he brought action. He raised the grade of Fifty-fourth street, for which service the referee allowed as a proper and reasonable charge, $250.

But to protect the embankment, the Street Commissioner directed the surveyor in charge of the work to have walls and basins built, wherever necessary to protect the work; and, under the direction of the surveyor, the plaintiff built several parcels of wall—two between Third and Lexington avenues, and two between Lexington and Fourth Avenues, and also two basins to carry the water from the surface of the street into the sewer; for which the referee allowed a sum less than $250 for each parcel of wall and the two basins, making in the aggregate over $500.

It was conceded that by law the Street Commissioner had no right, under any circumstances, to contract for any work where the expenditure exceeded $250, without authority from the Common Council, and, with that authority, only with the lowest bidder. (Charter of 1853, § 12.)

*Henry H. Anderson,* for appellants.

The Street Commissioner had no authority to contract for

any of this work, except under ordinance or resolution of the Common Council. No such ordinance or resolution was passed. (Charter of 1849, sec. 23; Ordinances Organizing the departments, §§ 162, 493.) The contractor is bound to see that the Charter and Ordinances of the city are complied with. These formed part of the contract. (§73.) If he neglects so to do, and chooses to take the hazard, he is a mere volunteer, and suffers only what he ought to have anticipated. *Brady* v. *The Mayor*, 2 Bosw. 183, S. C. 20 N. Y. 312; *Homersham* v. *Wolverton Water Works Co.*, 4 Eng. L. & Eq. R. 426; *Williams* v. *Chester R. R. Co.* 5 Eng. L. & Eq. R. 501; *Farmers' Loan & Trust Co.* v. *Canoll*, 5 Barb. 615. (2.) The cost of the embankment wall exceeded $250, and the Street Commissioner could not contract therefor, except with the lowest bidder. There was but one contract or employment for building the embankment wall. Charter of 1853, § 12.

*Benjamin M. Stilwell*, (Stilwell & Swain) for respondent.

I. The Street Commissioner, as the head of the Street Department, had the right to authorize the work, unless prohibited by the ordinance. By ordinance of May 17, 1850, he was authorized to cause the work to be done without contract, when, in his opinion, a contract would be injurious to the public interest.

II. By the terms of the contract, the contractor was bound to conform to such further direction as should be given by the Street Commissioner in regard to the work. Under this clause the plaintiff was bound to do the work when ordered by the Street Commissioner, or the surveyor in charge of the work.

By the Court.—HILTON, J.—The corporation through its Street Commissioner, contracted with one Keyes to set the curb and gutter, and grade 54th street, from Third to Fourth Avenues. Keyes assigned the contract to the plaintiff, who performed the work and has been paid the price agreed upon; but he claims to be entitled to payment in addition, for work done upon the street, not mentioned in the contract, but directed by the Street Commissioner.

It appears that after the contract was made, the grade of

Third Avenue was changed by order of the corporation, and to bring the grade of 54th street up to that fixed for Third Avenue, the Street Commissioner directed the plaintiff to fill in with extra earth beyond that which the contract required him to furnish. For this the referee has allowed $210, and I can see no objection to his having done so; as it did not involve an expenditure of more than $250, it was within the power of the Street Commissioner to cause to be done without subjecting it to public competition, as required by sec. 12 of the charter of 1853. See Laws, p. 41; see also Corp. Ordinances, 81, § 6.

The evidence clearly shows that the sum allowed was a fair compensation for the work thus performed by the plaintiff, and to this extent his claim is valid. I cannot, however, arrive at a similar conclusion with regard to the other items which form the subject of the plaintiff's claim in this suit.

It is shown that while the filling in of the street was progressing, the Street Commissioner told the plaintiff to put up a protection or retaining wall for the purpose of supporting the earth thus put upon the street, and the reason for this wall being ordered was, that without it the work of the plaintiff would be in danger of being washed away with the first heavy rain, although it was testified to that the plaintiff could have performed his contract for filling in the street if the wall had not been built. The wall, put up at intervals along the street, was all directed to be done at one time, and was a continuous work. It must, therefore, be regarded as falling within the prohibition of sec. 15 of the charter of 1853. To hold, as the plaintiff's counsel contended on the argument, that the wall thus built being in four detached pieces, should be considered as four separate and distinct employments, each under $250, would be to declare in effect, that a positive prohibition in the charter might be evaded and nullified by a plan so simple that it could scarcely be considered as rising to the dignity of a trick; as I can hardly imagine any work required by the corporation to be done, that could not thus be divided into parts sufficiently small as to make the expense of doing each part come within the prohibition. The plaintiff's contract, even, would have been unnecessary, and indeed the entire streets of the city might be paved by the Street Commissioner without contract and without subjecting the work to public compe-

tition, if such a palpable violation of the law as is shown in the present case should be allowed to prevail.

A remaining item of $200, shown to have been the value of two stone receiving basins, put up in the street by the plaintiff, at the request of the Street Commissioner, must also be disallowed, but for another and different reason.

By the charter of 1849, sec. 12, the Street Commissioner is declared to have cognizance of only that part of street improvements which consist in their "opening, regulating and paving," while by sec. 15 of the same charter, the Executive Department known as the Croton Aqueduct Board, is invested with the " charge of the aqueduct and all structures and works and property connected with the supply and distribution of water to the city of New York, and the underground drainage of the same, and of the public sewers of said city," &c. The constructing of receiving basins, which are works connected with the sewers, and forming as they do part of the means by which underground drainage of the city is effected, is plainly not within the duties of the Street Commissioner. He had, therefore, no power to make any contract with the plaintiff respecting them. See ord. organizing depart., §§ 350, 356, 357.

The Street Commissioner who, in some respects, may be regarded as the agent of the corporation, is not, however, such an agent as can bind his principal generally. He is an independent public officer, acting under special statutory authority, but controlled by the ordinances of the corporation. Charter of 1849, § 21. Therefore, like one acting under special instructions from which he cannot depart, and of which parties dealing with him are presumed and bound to have knowledge, he cannot bind the corporation except in respect to those acts which fall within his limited duties and authority. *Smith* v. *City of New York*, 4 Sand. 221; *Brady* v. *The Mayor*, *&c.*, *of N.Y.*, 20 N. Y. Repts. 312.

The judgment should be reversed except as to $210, the expense of filling in the street, with interest thereon from May 15, 1855. For that amount it should be affirmed without costs of the appeal to either party.