Hackler v. Miller.

MUNSEY HACKLER, APPELLANT, V. HOWARD MILLER ET AL.,
APPELLEES.*

FILED MAY 24, 1907.  No. 14,793.

**False Imprisonment: LIMITATIONS.** When a peace officer arrests and
imprisons a person without process, and thereupon takes him
before a magistrate before whom he files a written complaint
against the prisoner, describing no offense against the law, and
after a hearing the person is set at liberty, an action for a mali-
cious prosecution does not lie; but the party so mistreated has an
immediate and complete cause of action for a false imprisonment,
against which the statute of limitations begins to run when he
is released from custody.

APPEAL from the district court for Madison county:
JOHN F. BOYD, JUDGE.  *Affirmed.*

*Allen & Reed* and *T. S. Allen,* for appellant.

*Robertson & Robertson* and *M. F. Harrington, contra.*

AMES, C.

On June 3, 1903, the defendant Reavis, who then held
the offices of marshal and street commissioner of the vil-
lage of Battle Creek in this state, with the assistance or
encouragement, as it is alleged, of the defendants Miller
and Kilbourn, and without warrant or process, seized the
person of the plaintiff and cast him into the village jail,
detaining him there for the space of two hours.  At the
end of that time Reavis hauled the plaintiff and another
before a justice of the peace of the county, before whom he
filed a written complaint of which the following is a copy:
"The State of Nebraska, Madison County, ss.: The com-
plaint of W. F. Reavis, village marshal of said county,
made before me, E. G. Dennis, a justice of the peace in and
for said county, who, being duly sworn, deposes and says
that on the 3d day of June, 1903, in the county of Madison
state of Nebraska, Church Boyer and Munsey Hackley

*Rehearing allowed.  See opinion, p. 209, *post.*

comite a missdemeanor for interfearing and obstructin the public highway by filling up a ditch on said highway. Affiant further states that Church Boyer and Munsey Hackley committed the offense. W. F. Reavis. Subscribed in my presence and sworn to before me this 3 day of June, 1903. E. G. Dennis Justice of the Peace." A hearing of the complaint was postponed until the 5th of the month, until which time the prisoners were permitted to go at large, as the justice's docket recites, on their own recognizance. On the 5th the docket recites that the parties appeared, and the matter was further continued until the 8th, until which time the prisoners seem to have been at liberty without recognizance, the same not appearing to have been continued or renewed, and no document or acknowledgment in the form of a recognizance was filed with the justice or entered upon his docket at any time during the pendency of the proceeding before him. On the 8th a written motion to dismiss was filed by the defendants in that matter, and thereafter appears the following docket entry: "The motion of the defendants was overruled by the court and the cause was submitted, and upon the evidence before me I find that Church Boyer and Munsey Hakley was gilty of the charge maid in the complaint and I fixt their fine at $2 each and costs fixt $11.95." On the same day the plaintiff herein and Boyer entered into a recognizance with sureties in the sum of $200 for their appearance at the next term of the district court of the county, and remained at liberty. At a subsequent term of the last named court, to wit, on the 14th day of March, 1905, the proceeding was dismissed. This suit, which was begun May 25, 1905, is described by counsel for plaintiff in his brief as "an action to recover damages for malicious prosecution, false imprisonment and assault and battery." The answer is a general denial and a plea of the statute of limitations. There was a verdict and judgment for the defendants, from which the plaintiff appealed.

The arrest was without process, and in his motion be-

fore the justice of peace to dismiss the proceeding the plaintiff correctly contended that the written complaint described no offense against the statutes of the state, or, so far as the record discloses, against the ordinances of the village. The whole transaction was therefore *coram non judice,* and in violation of law. With respect to that proceeding the marshal was not a police officer, and the justice was not a magistrate. There was no malicious prosecution, nor any prosecution at all. There was simply a false imprisonment. The plaintiff's cause of action arose on the instant of his arrest, and the statute of limi‑tions, which is of one year (code sec. 13), began to run the moment he was set at liberty. If he had been subsequently arrested, a new cause would have arisen. There is a clear distinction between an action for a false imprisonment and one for a malicious prosecution. "The distinction is that false imprisonment is some interference with the personal liberty of the plaintiff which is without authority. Malicious prosecution is in procuring the arrest or prosecution under lawful process on the forms of law, but from malicious motives and without probable cause." *Herzog v. Graham,* 9 Lea (Tenn.), 152. "An action for a malicious prosecution can only be supported for the malicious prosecution of some legal proceedings, before some judicial officer or tribunal. If the proceedings complained of are extra-judicial, the remedy is trespass, and not an action on the case for a malicious prosecution." *Turpin v. Remy,* 3 Blackf. (Ind.) 210; *Colter v. Lower,* 35 Ind. 285, 9 Am. Rep. 735; *McConnell v. Kennedy,* 29 S. Car. 180; *Cunningham v. East River E. L. Co.,* 60 N. Y., Super. Ct. 282. Where the magistrate has no jurisdiction of the offense of which the plaintiff was accused, the proceedings before him are of no legal force or validity, and they therefore afford no sufficient basis to sustain an action for malicious prosecution. *Bixby v. Brundige,* 2 Gray (Mass.), 129. The authorities seem to be nearly or quite all to the same effect.

In addition to the foregoing, it does not seem that the

justice pronounced any judgment against the plaintiff. He found him "gilty," and "fixt" his fine at $2 and costs, but he did not adjudge that the state have or recover any sum, or that the plaintiff be committed or imprisoned. *Preuit v. People*, 5 Neb. 377; *Miller v. Burlington & M. R. R. Co.*, 7 Neb. 227.

This action was begun nearly two years after the happening of the assault and battery and false imprisonment complained of, and is therefore barred. We therefore recommend that the judgment of the district court be affirmed.

JACKSON, C., concurs.

CALKINS, C., not sitting.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the judgment of the district court be

AFFIRMED.

The following opinion on rehearing was filed December 18, 1907. *Former judgment of affirmance as modified adhered to:*

1. **Appeal:** OBJECTIONS: WAIVER. Where an objection to the introduction of the plaintiff's evidence is sustained on the ground of a defect in his petition, and he afterwards obviates the objection by filing an amended petition, he will be held to have waived his exception, if any, to the order sustaining such objection.

2. **Pleading:** ORDER: REVIEW. Where a plaintiff asks leave to amend his petition, "either by interlineation or by filing such other pleading as the court may order," and complies without objection or exception with an order requiring him to file an amended petition, he cannot afterwards complain of such order.

3. **Malicious Prosecution:** DEFENSES. If a person maliciously, and without probable cause, procures or instigates a criminal prosecution against another, he cannot defeat an action for malicious prosecution by setting up the invalidity of his complaint, or a defect in the judgment or proceedings.

4. ———: LIMITATIONS. The statute of limitations in such a case does

17

not begin to run until the criminal case is dismissed, or the prosecution otherwise finally terminated.

5. ———: ANSWER. An answer in the nature of a general denial in an action for malicious prosecution puts in issue the plaintiff's allegations of malice and want of probable cause. Under such an answer the defendant may introduce any evidence which tends to disprove malice or establish the existence of probable cause.

6. Instructions examined, and found to coincide with the plaintiff's view of the law of the case, and to furnish no ground for a reversal of the judgment of the trial court.

7. Appeal: HARMLESS ERROR. If the evidence in a case is of such a character that a verdict for the defendants is the only one which can be upheld, the plaintiff cannot predicate error on the instructions, because, if erroneous, they constitute error without prejudice.

BARNES, J.

This case is before us on a rehearing. By our former opinion, *ante,* p. 206, the judgment of the district court in favor of the defendants was affirmed, for the reason that the plaintiff's action was one for damages for trespass in the nature of assault and battery committed by false imprisonment, and was barred by the statute of limitations when it was commenced. We think the rule of law announced in the opinion is sound, but an examination of the record convinces us that it does not correctly dispose of one of the questions presented thereby. The plaintiff's amended petition contained two causes of action; one for malicious prosecution, and the other for a trespass in the nature of an assault and battery committed by false imprisonment. The record discloses that it was made to appear that plaintiff was designated in his petition, and his action was brought in the name of, "Munsey Hackley," instead of "Munsey Hackler," which is his true name. The defendant therefore objected to the plaintiff's evidence, and the objection was sustained, to which an exception was noted. Plaintiff thereupon made the following request: "The plaintiff, Munsey Hackler, asks leave of court to change the words 'Munsey Hackley' to the

words 'Munsey Hackler' by amendment, either by inter-lineation or by filing such other pleading as the court may order. To which the defendants, Miller and Reavis, objected, because the same is incompetent, improper, and because it changes the name of the plaintiff in this case, and because the statute of limitations under the name of Munsey Hackley has already run. By the court: I will allow the amendment, but not by interlineation, and I am not passing on the question of the statute of limitations raised by the objection. To which ruling the defendants except." Thereupon the following agreement was made in open court: "Now, it is agreed between the parties that the evidence taken up to this time may stand as applicable to the amendment filed." So it appears beyond question that the plaintiff asked and obtained the ruling of which he now complains, and to which he entered no objection. This sufficiently disposes of his assignment "that the court erred in requiring him to amend his petition," and which he alleges resulted in the interposition of the plea of the statute of limitations." After the proceedings above men-tioned were had, the defendants filed their answers, which contained both a general denial and a plea of the statute of limitations. Plaintiff replied instanter, and the trial proceeded. By filing his amended petition he acquiesced in the ruling of the court, and waived his exception there-to.

The plaintiff introduced a record of the proceedings in the justice court, which were the basis of the action for malicious prosecution, to which defendants objected for the reason that it appeared that the plaintiff's cause of action was barred by the statute of limitations: The court overruled the objection, and properly so in our opinion, because the first cause of action set forth in the plaintiff's petition was one for malicious prosecution; and, although the complaint filed before the justice of the peace failed to state facts sufficient to charge the plaintiff with the commission of a crime, and no judgment which could have been enforced was ever pronounced against him, yet, in

order to terminate the prosecution or avoid the effects of the record in the justice court, he deemed it necessary to appeal to the district court, and so the cause was pending and undisposed of until it was dismissed by the county attorney. The action having been commenced within one year after such dismissal, his cause of action for malicious prosecution was not barred by the statute of limitations. Not so, however, as to the cause of action for assault and battery committed by the alleged false imprisonment. The court should have sustained the defendants' objection to the introduction of any testimony in support of the plaintiff's second cause of action, but of this the plaintiff is not in a position to complain. The court having overruled the objection predicated upon the statute of limitations, that matter was practically eliminated from the case, and the defendants were, in effect, deprived of that defense. It is true it remained in the answers because it was not attacked by the plaintiff, and, neither party having requested the court to instruct the jury on that point, no instruction was given in relation to it. So it would seem that the jury could not have considered it in arriving at their verdict.

After the ruling above mentioned the trial proceeded on the plaintiff's theory of the case. The jury were instructed upon that theory, and yet they returned a verdict for the defendants. A careful reading of the bill of exceptions convinces us that the evidence fully sustains the verdict.

Plaintiff contends that the judgment should be reversed for the reason that defendants could not justify their actions without interposing a plea of that nature. Strictly speaking there is no such thing as a plea of justification in an action for malicious prosecution. It is true the defendant may justify in an action for false imprisonment, but that cause of action was barred by the statute of limitations when the suit was commenced. So it appears that no justification was attempted by the defendants in the sense in which that term is ordinarily used. The plaintiff

introduced the record of the prosecution before the justice of the peace, and attempted to show that the defendants were actuated by malice, and that the prosecution was without probable cause. His testimony showed that at the time the proceeding in the justice court was commenced against him the defendant Reavis was the village marshal of the village of Battle Creek; that he, together with several other persons who were assisting him, was engaged in opening a ditch on what was claimed' to be one of the streets of said village; that the plaintiff obstructed him in that work by filling up the ditch as fast as it was opened by the defendant; that thereupon defendant told the plaintiff, and the others who were with him, that they should consider themselves under arrest; that after taking them up the street a little distance the defendant released them upon a promise not to further interfere with him in the performance of his duty; that after he returned to his work the plaintiff and one Church Boyer, contrary to their promise, again commenced to fill up the ditch; that defendant thereupon arrested them without a warrant, confined them in the village jail, and commenced the proceeding complained of in the justice court. The evidence of the defendant Reavis was submitted on the theory that he acted in the matter in good faith, without malice, and not without probable cause, and it is apparent that the jury took this view of the matter, and their verdict should not be disturbed. His denial put in issue the questions of malice and want of probable cause, and it was competent for him to introduce any evidence which tended to show the absence of malice on his part, and the existence of probable cause for the attempted prosecution. As to the defendant Miller, his defense was that he had nothing to do with the prosecution whatever; that he took no part in the transaction, and the jury must have so found. The verdict is not only fully sustained by the evidence, but it is difficult to see how they could have arrived at any other conclusion.

Complaint is made of instructions 10 and 11, given by

the court on his own motion. Instruction No. 10 seems to be a correct statement of the law relating to malicious prosecution, and by instruction No. 11 the jury were told that "in law the want of probable cause does not of itself show malice, but the jury are at liberty to infer malice therefrom as a conclusion of fact, if from all the evidence in the case they deem such an inference justifiable."

It is contended that the court erred in giving paragraph No. 12 of his instructions, because it conflicts with the instructions given at the plaintiff's request. The instruction reads as follows: "Malice in law means an act done wrongfully and wilfully without reasonable or probable cause, and not necessarily an act done from ill feeling or spite, or a desire to injure another. It is enough if defendant be actuated by improper or sinister motives." This instruction seems to support the plaintiff's theory of the case, and the conflict, if any, between it and those given at the request of the plaintiff is so slight that the jury could not have been confused or misled thereby. Again, by instruction No. 13 the jury were informed that, if the purpose of the arrest was anything else than to vindicate the law and punish crime, then they might infer that the defendant had a malicious motive in causing the same. In short, the instructions seem to substantially coincide with the plaintiff's view of the law of the case.

Counsel complains of instructions numbered 1 to 3, inclusive, given at the request of the defendants. As we have heretofore stated, it seems clear that the case was not decided by the jury on the theory of justification. In fact the record of the prosecution was not sufficient to constitute a justification, and the only thing left for the jury to determine was whether or not the prosecution was malicious and without probable cause. This being the case, the judgment should not be reversed because of the instructions complained of. In our view of the case, no other verdict could have been sustained than the one returned by the jury, and therefore the giving of these instructions, if error, was without prejudice.

The plaintiff groups the remainder of his 37 assign-ments, and argues, them upon what we assume to be the theory that the evidence does not sustain the verdict. As we have before stated, the plaintiff tried his case to a jury upon his own theory, but failed to establish the fact that the prosecution complained of was malicious and without probable cause. The statute of limitations barred his right to recover for the trespass, assault and battery or false imprisonment, set forth in his second cause of action, and the verdict of the jury was therefore right and should not be disturbed.

For the foregoing reasons, our former judgment, as explained and modified herein, is adhered to.

AFFIRMED.