FRANK SALERNO, Appellant, v. EVERT O. LANSING, Respondent.— Judgment affirmed, with costs. Memorandum: This is an action for false imprisonment. It was so stipulated upon the trial. The question is whether the Statute of Limitations began to run on July 19, 1940, when plaintiff was released from jail or on December 21, 1942, when the judgment of conviction was reversed. The gist of an action for false imprisonment is the unlawful detention. (*Schultz* v. *Greenwood Cemetery*, 190 N. Y. 276, 278.) The plaintiff had two years from July 19, 1940, in which to commence his action for false imprisonment. (Civ. Prac. Act, § 50; *Dusenbury* v. *Keiley*, 85 N. Y. 383; *Van Ingen* v. *Snyder*, 24 Hun 81.) All concur. (The judgment is for defendant for no cause of action in an action for damages for alleged false arrest.) Present — Taylor, P. J., Dowling, McCurn, Larkin and Love, JJ.

RIVERSIDE CHEMICAL CO., INC., Respondent, v. CITY OF NIAGARA FALLS, Appellant.— Judgment and order reversed on the law, with costs, and motion denied, without costs. Memorandum: The answer sufficiently raises, in view of the allegations of this complaint, the issue of violation of subdivision 4 of section 44 of the Charter of the City of Niagara Falls (L. 1916, ch. 530). (*Ellis* v. *New York*, 1 Daly 102; *McDonald* v. *Mayor*, 1 Hun 719, opinion in 4 Thomp. & C., 177, affd. 68 N. Y. 23; *Seif* v. *City of Long Beach*, 286 N. Y. 382, 387.) (As to the sufficiency of affirmative defense see *Weiskopf* v. *City of Saratoga Springs*, 269 N. Y. 634, revg. 244 App. Div. 417, 420, 421.) Even though an answer be insufficient in form or in substance, it is not necessarily frivolous, for such an answer may be amended. It does not follow that it is interposed in bad faith. (*Young et al.* v. *Kent et al.*, 46 N. Y. 672.) If there were four separate bona fide sales, not made for the purpose of evading the Charter, and the plaintiff otherwise complied with the Charter provisions, the admissions in the answer would entitle it to judgment. Under this complaint we cannot tell whether there was one sale or four sales, and if there were four, whether as to them, there was a compliance with subdivision 5 of section 44 of the Charter. A motion to strike out an entire pleading as frivolous has never been favored. Certainly it ought not to be used as a substitute for judgment under rule 113 of the Rules of Civil Practice. A motion like the present one searches the record. (*Van Alstyne* v. *Freday*, 41 N. Y. 174; *Wilkin et al.* v. *Raplee*, 52 N. Y. 248, 251; *Munger* v. *Shannon*, 61 N. Y. 251; *McMoran* v. *Lange*, 25 App. Div. 11, 12.) It is at least questionable whether this complaint is sufficient. See subdivision 5 of section 44 and section 84 of the Charter as to presentation of claim before liability of City attaches. All concur. (The judgment is for plaintiff in an action to recover the purchase price of merchandise sold. The order grants plaintiff's motion to strike out defendant's answer as frivolous and directs judgment for plaintiff.) Present — Taylor, P. J., Dowling, Harris, McCurn and Larkin, JJ.

SAM BERGER, Respondent, v. DAVID D. LEVITT, Appellant.— Judgment and order affirmed, with costs. All concur. (The judgment is for plaintiff in an action to recover money loaned. The order denies defendant's motion for a new trial.) Present — Taylor, P. J., Dowling, Harris, McCurn and Larkin, JJ.