Roy C. Fischer, Plaintiff, *v.* Seamen's Church Institute of New York, Defendant.

Supreme Court, Special Term, Queens County, June 1, 1949.

*George Gray Zabriskie* for defendant.

*Gunther Jacobson* and *John Windsor* for plaintiff.

CUFF, J. Defendant moves to dismiss the complaint on the ground that (1) the Statute of Limitations has expired with respect to each of the four causes pleaded, and (2) defendant's demand under rule 9-a of the Rules of Civil Practice has not been complied with.

The first cause sounds partially in breach of contract, but " The form of the action, whether *ex contractu* * * * or *ex delicto,* does not affect the case under this statute " (of limitations). (*Webber* v. *Herkimer & Mohawk St. R.R. Co.,* 109 N. Y. 311, 314.) The damages alleged and the amount demanded define the action as one for assault and battery upon plaintiff by defendant's employees, which onset occurred on September 6, 1946, and not one for breach of contract as claimed by plaintiff. (*Loehr* v. *East Side Omnibus Corp.,* 259 App. Div. 200.) The suit, commenced December 20, 1948, which is beyond the two-year period of limitation for bringing such actions (Civ. Prac. Act, § 50) is, therefore, dismissed.

The second cause is for false imprisonment wherein it is alleged that as a result of defendant's acts, plaintiff was " * * * wrongfully detained * * * for upwards of six months ". In an action of this kind the Statute of Limitations obviously cannot operate until the detention is over. (*Salerno* v. *Lansing,* 269 App. Div. 810.) The detention herein having continued " for upwards of six months " after September 6, 1946 (allegations of complaint on this motion must be deemed proved), the two-year Statute of Limitations had not expired on December 20, 1948, when this suit was started. Therefore, the motion to dismiss this cause is denied.

The third cause of action for assault is dismissed because it is outlawed (Civ. Prac. Act, § 50) for the reasons given with reference to the first cause of action.

The fourth cause of action for malicious prosecution, which is barred by the two-year Statute of Limitations (Civ. Prac. Act, § 50), is dismissed.

The plaintiff has not complied with defendant's demand pursuant to rule 9-a of the Rules of Civil Practice. No interpretation of the language used by the authors of the rule has been cited. The verbiage should be accorded its logical and most effective meaning. Whittling away at the rule, which is a wholesome requirement, should be avoided. The intent was to require each party, upon receiving a proper demand, to disclose '' his post office address and his residence, in sufficient detail to permit ready location '' (Rules Civ. Prac., rule 9-a). Any information less than that plain requirement or which equivocates even to the slightest degree should be regarded as noncompliance. I cannot see how any other language than '' my present post office address is * * * and my present residence is * * * '' can be considered compliance. The statement herein, verified by the attorney for plaintiff, that '' plaintiff's address is * * * '' is insufficient. Plaintiff's '' address '' may not be his '' post office address ''; it need not be '' his residence '' address; the statement savors of equivocation because in addition to its omission of the words '' post office '' and '' his residence '', it fails to fix time. Moreover, as I read the rule, the disclosure must be made by the party. Unless a proper notice is served within three days after the order hereon is entered, this complaint is dismissed.

Settle order on notice.