**Delmer Eugene BELFLOWER, Plaintiff in Error,**

v.

**A. F. BLACKSHERE, B. J. Revels and L. J. Hilbert, Defendants in Error.**

**No. 36429.**

Supreme Court of Oklahoma.

March 22, 1955.

Russell L. Morgan, Oklahoma City, for plaintiff in error.

A. L. Jeffrey, Municipal Counselor, Richard D. Hampton, Asst. Municipal Counselor, Oklahoma City, for defendants in error.

Carroll Samara and Keith A. McMillin, Oklahoma City, for defendant in error, A. F. Blackshere.

HALLEY, Justice.

This action was commenced in the District Court of Oklahoma County by Delmer Eugene Belflower on August 7, 1953, against A. F. Blackshere, B. J. Revels and L. J. Hilbert, to recover damages for unlawful arrest and false imprisonment. The trial court sustained separate demurrers of defendants to plaintiff's petition and amended petition and dismissed the action upon the election of the plaintiff to stand upon his amended petition. Plaintiff has appealed by transcript. The demurrers were general but each put in issue the statutes of limitation, as provided in Section 95, 12 O.S.1951, subdivision 4, which states that actions for "malicious prosecution, or false imprisonment" must be commenced within one year and that is the question for our determination.

Since the parties appear here as in the trial court, we shall refer to them as plaintiff and defendants.

It is alleged that on April 16, 1952, plaintiff, while he was at his home in the Town of Village, an incorporated town in Oklahoma County, the defendants, Blackshere and Revels, then Police Officers of the City of Oklahoma City, approached plaintiff, exhibiting a warrant for his arrest for an over-time parking infraction of the Traffic Ordinances of the City of Oklahoma City, and informed plaintiff that he was under arrest and compelled him to accompany them to the Police Headquarters, and that as " * * * a result of said unlawful arrest, illegal taking into custody, plaintiff was booked at said Police Headquarters for two other alleged violations of the City of Oklahoma City Ordinances for overtime parking, other than the one charged in the warrant for his arrest."

That he was then and there imprisoned and deprived of his liberties for over an hour, and was only released by virtue of a cash bail bond in the sum of $60 posted by his attorney, and that his arrest was illegal for various reasons and he also set out elements of damage.

Plaintiff further alleged that he was compelled to appear and attend proceedings resulting from his illegal arrest; that one charge against him was dismissed April 18, 1952, and final judgment rendered for him discharging him completely as to that charge and his cash bond returned to him; but that the other two charges were held under advisement and judgment rendered thereon on July 31, 1952, discharging him completely and restoring his cash bail.

It was further alleged that the arresting officers, Blackshere and Revels, arrested and imprisoned him in pursuance of a scheme and plan previously announced and published by L. J. Hilbert, Chief of Police for Oklahoma City, and was done to humiliate such persons as the plaintiff, and that the arresting officers were acting as agents of L. J. Hilbert, Chief of Police and performed all actions complained of with the knowledge and consent and instructions of L. J. Hilbert.

Plaintiff alleges that his attorney was required to submit briefs in support of his contentions of illegal arrest and false imprisonment, and that plaintiff had to wait long periods on various dates in the Police Court at various hearings until July 31, 1952, when the two remaining charges were dismissed and judgment rendered in his favor, fully discharging him from said charges.

It is then alleged that each of the defendants were absent from the State for various periods until July and August, 1953.

September 25, 1953, an amended petition was filed and separate demurrers thereto were sustained December 4, 1953, and on that date plaintiff's action was dismissed upon his election to stand upon his amended petition. Plaintiff gave notice of his appeal to this Court. The ruling of the court was based upon Section 95, 12 O.S.1951, providing that an action for false imprisonment must be brought within one year "after the cause of action shall have accrued, and not afterwards".

More than one year had elapsed from April 16, 1952, when plaintiff was arrested, placed in jail and released after confinement of about an hour.

On July 31, 1952, the two remaining charges against plaintiff were dismissed and his bail money returned to him in full.

It was slightly more than one year from July 31, 1952, to August 7, 1953, when this action was filed.

■ In an illegal arrest and false imprisonment case, we are convinced that the one year statute of limitations begins to run under Section 95, 12 O.S.1951, at the time plaintiff was released from his alleged illegal restraint and not when the proceedings by which his arrest occurred terminated, and that this particular action could have been prosecuted to a successful result at the time plaintiff was released on April 16, 1952. The general rule as stated in 35 C.J.S., False Imprisonment, § 49, p. 578, is as follows:

"A statute of limitations, if pleaded, constitutes a complete bar to an action for false imprisonment begun after the prescribed period, even if the proceedings in which the arrest took place are continued within the prescribed time. * * *

"Under statutes barring actions for false imprisonment begun more than a specified time after the accrual of the cause of action, the limitations begin to run from the termination of the imprisonment. * * *"

And in 54 C.J.S., Limitations of Actions, § 175, it is said:

"As a general rule an action for false imprisonment accrues at, and limitations run from, termination of the imprisonment, and, where the imprisonment begins and ends on the same day, limitations run from that date."

In Hackler v. Miller, 79 Neb. 206, 112 N.W. 303, the Supreme Court of Nebraska had under consideration a case where defendants caused plaintiff to be arrested without warrant and he was released on his own recognizance after two hours in jail on June 3, 1903, and the matter continued until June 5, 1903, when the plaintiff was found guilty by the Justice of the Peace and fined $2 and costs. He posted bond and appealed to the District Court where on March 14, 1905, the matter was dismissed in his favor. Plaintiff brought suit for false imprisonment May 25, 1905, almost two years after he was released from jail, but only two and one-half months after the termination of the entire proceedings. It was said in the body of the opinion:

"* * * The plaintiff's cause of action arose on the instant of his arrest, and the statute of limitations, which is of one year (Code of Civil Procedure, § 13), began to run the moment he was set at liberty. If he had been subsequently arrested, a new cause would have arisen. * * *"

The same rule was followed in De Bouchel v. Koss Construction Co., Inc., 177 La. 841, 149 So. 496, 497, by the Supreme Court of Louisiana and in the body of the opinion it was said:

"As respects the demand for damages for false imprisonment, the damage and the cause of action therefor arose on the same day, namely, June 5, 1931, which is the day on which plaintiff was both falsely imprisoned and then released from prison. This suit was not filed until July 5, 1932, exactly thirteen months after the damage was sustained. Therefore, under articles 3536 and 3537 of the Civil Code, providing that damages resulting from offenses and quasi offenses prescribed in one year after the damage is sustained, this demand is prescribed."

■ The plaintiff contends that the statute of limitations does not begin to run until the time he could first maintain his action to a successful result, which he says was July 31, 1952. However, we hold that in an action for false imprisonment the cause of action accrues on discharge from imprisonment which was April 16, 1952 in this case.

We are of the opinion that it is immaterial whether the proceedings under which plaintiff was imprisoned were terminated or not when a suit for the false imprisonment is filed. In Knickerbocker Steamboat Co. v. Cusack, 2 Cir., 172 F. 358, it was said at page 359 of the opinion:

"* * * The authorities are practically unanimous to the effect that,

in an action solely for false imprisonment, the termination of the criminal proceedings is immaterial. * * *"
See also Davis v. Johnson, 4 Cir., 101 F. 952.

Since we conclude that the statute of limitations begins to run from the termination of the imprisonment of plaintiff and not from the termination of the proceedings, we think the action of the trial court in sustaining the separate demurrers of defendants and dismissing plaintiff's action upon his election to stand upon his amended petition, was correct. Under this holding, the alleged absences of the defendants from the State is immaterial because the statute had run before their absences or after computing the time of their alleged absences. The judgment of the trial court is affirmed.

JOHNSON, C. J., WILLIAMS, V. C. J., and CORN, DAVISON, BLACKBIRD and JACKSON, JJ., concur.