**Gregory J. LOWERY, Appellant,**

v.

**Jim JUVENAL et al., Appellees.**

**No. 8833.**

Court of Civil Appeals of Texas, Amarillo.

Nov. 21, 1977.

Rehearing Denied Dec. 19, 1977.

Woodruff & Ellis, Alfred W. Ellis, Dallas, for appellant.

John L. Hill, Atty. Gen. of Texas, Jack Sparks, Austin, Crenshaw, Dupree & Milam, Tom A. Milam and Cecil C. Kuhne, Jr., Lubbock, for appellees.

REYNOLDS, Justice.

A take nothing judgment was rendered in this personal injury suit when the affirmative defense of limitation was established as a matter of law and no issue of its inapplicability was raised. Affirmed.

During the 1971–72 school term, Gregory J. Lowery was a senior student attending Texas Tech University and a scholarship-member of its basketball team. In a 1971 pre-season practice, Lowery received an injury to his left ankle and, during a game in the forepart of 1972, he sustained a muscle pull in his left groin. These injuries were treated by Dr. Wallace Hess, the designated team physician, and by Jim Juvenal, the team trainer. Neither the doctor nor the trainer treated Lowery's injuries after the end of the basketball season in March of 1972.

On 3 February 1976, Lowery filed this suit, naming as defendants Juvenal, Gerald Myers, the head basketball coach, Dr. Hess, and Texas Tech University. Denominating his suit as one "to recover for the personal injuries and damages," Lowery recited the receipt of the two injuries, for which no defendant was assigned any responsibility, and related the treatment he said he received from Dr. Hess and Juvenal. Alleged are the development of new bone formations in the pelvic area and in the left ankle and chronic tendonitis. Lowery sought damages "as a result of the negligent acts" and the "negligent conduct" of the defendants without particularizing how any act or conduct constituted negligence.

Answering without excepting to the generality of the petition, each defendant interposed affirmatively the two-year statute of limitation as a bar to Lowery's alleged cause of action. Deposition of all individual parties to the action confirmed that the last treatment Lowery received from any defendant was in 1972, almost four years before this suit was filed.

Juvenal, Coach Myers and Dr. Hess then moved for summary judgment, and the university urged its affirmative defense, on the ground that the pleadings and the depositions showed that Lowery's cause of action was, as a matter of law, barred by the two-year statute of limitation. Lowery offered no controverting evidence.

The trial court, considering the pleadings and the summary judgment proof to establish that limitation had run, rendered judgment that Lowery take nothing. Lowery has appealed.

█ On appeal, Lowery asserts, and we accept, that this suit is "for personal injuries received as a result of the negligent treatment provided him by the Defendants during the 1971–72 basketball season at Texas Tech University." Lowery concedes that Vernon's Ann.Civ.St. art. 5526 mandates that an action for personal injury "shall be commenced and prosecuted within two years after the cause of action shall have accrued, and not afterward." Within the meaning of the statute, the cause of action accrues, and limitation begins to run, when facts exist which authorize the claimant to seek judicial relief. *Williams v. Pure Oil Co.*, 124 Tex. 341, 78 S.W.2d 929, 931 (1935).

It is undisputed that the treatment Lowery received from any defendant was administered more than two years before Lowery filed this suit to recover damages for negligent treatment. Thus, the judgment rendered was warranted upon the establishment of the affirmative defense of limitation as a matter of law both by Lowery's own pleadings, *Smith v. Coffee's Shop for Boys & Men, Inc.*, 536 S.W.2d 83, 85 (Tex.Civ.App.—Amarillo 1976, no writ), and by the summary judgment proof, *Siegel v.*

*McGavock Drilling Company*, 530 S.W.2d 894, 896 (Tex.Civ.App.—Amarillo 1975, writ ref'd n. r. e.), unless, for some applicable reason, the two-year statute of limitation did not start running until after Lowery was treated and less than two years before he filed this suit.

In attempting to escape the established defense of limitation, Lowery does not mention, either in his brief or in his deposition, any treatment which he considers negligent and which was either concealed at the time it was given or he did not discover until after it was administered. Rather, he contends that the running of limitation was postponed until his action for negligent treatment accrued less than two years before he filed this suit for the pleaded reason that:

. . . At all times material herein, each Defendant fraudulently concealed and conspired together to fraudulently conceal the *extent and seriousness* of the injuries suffered by the Plaintiff such that, despite acting as an ordinary and prudent person would act, he was unable to discover the *extent* of his injuries until the winter of 1974. (Emphasis added.)

█ Noticeably absent from the pleading is any suggestion, much less an allegation, raising the issue that defendants fraudulently concealed any *negligent treatment* or the issue that Lowery later discovered that he had received *negligent treatment.* Thus, Lowery has no pleading negating the applicability of the two-year statute of limitation to his asserted cause of action for negligent treatment. Of course, one may recover only in the right in which he sues and upon the facts pleaded as the basis of that right, and he cannot recover through a right not asserted. *Starr v. Ferguson*, 140 Tex. 80, 166 S.W.2d 130, 132 (1942).

█ To prevail, the defendants were required to establish that their defense met Lowery's case as pleaded. *Torres v. Western Casualty and Surety Company*, 457

S.W.2d 50, 52 (Tex.1970). They have done so.

The judgment is affirmed.

DODSON, J., not participating.