Charles ADLER, Appellant,

v.

BEVERLY HILLS HOSPITAL et al., Appellees.

No. 20117.

Court of Civil Appeals of Texas, Dallas.

Jan. 7, 1980.

Rehearing Denied Feb. 6, 1980.

Elizabeth Unger Carlyle, Dallas, for appellant.

Thomas L. Kelly, Jr., Patterson, Lamberty & Kelly, Inc., J. Carlisle DeHay, Jr., Gardere, Wynne, Jaffe & DeHay, Elizabeth Lang-Miers, Locke, Purnell, Boren, Laney & Neely, Dallas, for appellees.

Before GUITTARD, C. J., and ROBERTSON and STOREY, JJ.

GUITTARD, Chief Justice.

The principal question presented is whether a cause of action for false imprisonment accrues for the purpose of the statute of limitations when the unlawful detention begins or when it ends. We hold that false imprisonment is a continuing tort and that the cause of action for the entire period of imprisonment accrues when the detention ends. We also hold that if a person is unlawfully detained and turned over to a mental hospital, where he is confined and prevented from taking any legal action, his cause of action against the persons who first detained him is tolled until his release from the hospital. Accordingly, we reverse summary judgments for defendants.

The petition was filed October 29, 1976. It alleges that on October 28, 1974, when plaintiff was at work for A. H. Belo Corporation, he sought medication for "anxiety," and Charles Swank, a security guard for the corporation, placed him under restraint and

took him against his will to Beverly Hills Hospital, where he was further confined and restrained until the next day and then released. The petition names as defendants A. H. Belo Corporation, Charles Swank, Beverly Hills Hospital and its chief of staff, Dr. Jackson Speegle.

Defendants pleaded that the cause of action was barred by the two-year statute of limitation, Tex.Rev.Civ.Stat.Ann. art. 5526 (Vernon 1958). Beverly Hills Hospital and Dr. Speegle moved for summary judgment on that ground. Plaintiff filed a response stating that during his detention he was suffering from a disability, that of being imprisoned against his will and kept incommunicado, and that this disability was not removed until he gained his release from the hospital on October 29, 1974. This response was accompanied by an affidavit stating that from the time plaintiff was forcibly taken to Beverly Hills Hospital to the time he was "released the next day, October 29, 1976," he was denied the right to call anyone, including his attorney, although he specifically requested to have the right to call his attorney. On this evidence, an interlocutory summary judgment was rendered in favor of the hospital and Dr. Speegle.

Later defendants Swank and Belo filed a motion for summary judgment on the same ground. Plaintiff made the same response and filed the same kind of affidavit, but this time he stated the date of his release from the hospital as "October 29, 1974." The court granted summary judgment for these defendants also. On this appeal appellant contends that under the two-year statute of limitations his cause of action did not "accrue" against any of the defendants until the imprisonment ended. We agree, although there is a further problem, which will be discussed later, as to whether the imprisonment by defendant Swank and Belo ended when Swank turned plaintiff over to the hospital.

All defendants seek to support the judgment on the ground that plaintiff's cause of action accrued on October 28, 1974, when he was first detained and confined. They argue that according to the allegations of the petition a completed tort, in the sense of an invasion of his right of personal freedom, occurred on that day, so that he could then have sued and recovered damages for his detention although the full extent of his damages might not have been determinable until later. They rely on cases holding that the test of whether a cause of action for tort has accrued is whether all the elements of a legal injury have been established so that the claimant has grounds to seek immediate judicial relief. *Atkins v. Crosland,* 417 S.W.2d 150, 153 (Tex.1967); *Lowery v. Juvenal,* 559 S.W.2d 119, 121 (Tex.Civ.App. —Amarillo 1977, writ ref'd n. r. e.).

We conclude that the rule stated in these cases does not require a holding that a cause of action for false imprisonment accrues on the first day of detention. False imprisonment is a continuing tort. It is not complete on the first day in the same sense that a cause of action for negligence is complete. In the usual personal injury case, the defendant's wrongful conduct ceases on a certain day insofar as it may be considered a cause of the injury in question. The cause of action accrues on that day, although the plaintiff's suffering may continue for months and years, and the full extent of the damage may not be determined even at the time of trial. *Lowery v. Juvenal,* 559 S.W.2d 119, 121 (Tex.Civ.App. —Amarillo 1977, writ ref'd n. r. e.); and *cf. Atkins v. Crosland,* 417 S.W.2d 150, 153 (Tex.1967) (negligence of accountant in preparing tax return). False imprisonment differs in that the wrongful conduct continues until the detention ceases. The last day of detention is as wrongful as the first. The cause of action may be said to accrue on the first day if each day is treated as a separate tort for which a separate suit may be brought. Several early cases seem to adopt that theory. *Huggins v. Toler,* 64 Ky. (1 Bush) 192, 194 (1866); *Leland v. Marsh,* 16 Mass. 389, 391 (1820); *Ruffner v. Williams,* 3 W.Va. 243, 245 (1869). If each day is a separate tort, then limitation runs separately for each day, so that damages attributable to the first day of imprisonment may be

barred before limitation has run on the damages attributable to subsequent days. We do not accept this view. A plaintiff should not be permitted to bring a separate suit for each day of imprisonment, as he would not be permitted to sue separately for each hour. Consequently, we regard the entire period of detention as one continuing tort, for which a cause of action accrues when the detention ceases.

This view is supported by the strong policy against a multiplicity of suits, as exemplified in the rule against splitting a cause of action. Since early times Texas courts have followed the rule that when a party can enforce his rights by one action, he ought not to be permitted to resort to many. *Pitts v. Ennis & Reynolds*, 1 Tex. 604, 605 (1846). This rule has been applied in a variety of circumstances, usually to bar a second suit based on the same wrong. *See, e. g., Hartnett v. Adams & Holmes Mortgage Co.*, 539 S.W.2d 181, 184 (Tex.Civ. App.—Texarkana 1976, no writ) (wrongful foreclosure based on separate acts or omissions); *Martin v. Phillips Petroleum Co.*, 455 S.W.2d 429, 436 (Tex.Civ.App.—Houston [14th Dist.] 1970, no writ) (different legal theory of recovery for same damages); *Millers Mutual Fire Insurance Co. v. Mitchell*, 392 S.W.2d 703, 705 (Tex.Civ.App.—Tyler 1965, no writ) (separate items of damage resulting from same tort); *Cormier v. Highway Trucking Co.*, 312 S.W.2d 406, 407 (Tex.Civ.App.—San Antonio 1958, no writ) (personal injury and property damage resulting from same collision). Under this rule a person falsely imprisoned would not be allowed to maintain a separate suit for only part of his imprisonment if his cause of action has accrued for all of defendant's wrongful conduct. Yet, so long as the imprisonment continues, he cannot determine the extent of the wrong for which he can recover damages (as distinguished from the extent of the damage from a completed wrong). Therefore, he cannot bring one suit for all of defendant's wrongful conduct. In this sense the cause of action is not complete and does not accrue until the imprisonment ends.

Defendants contend that a cause of action for wrongful imprisonment accrues on the first day of detention because the person so imprisoned has the legal right to sue then and his continued detention is a question bearing on suspension of the statute rather than on accrual of the cause of action. We may concede that a person falsely imprisoned has the right to sue on the first day for his detention up to that time. In such a case, conceivably, the rule against splitting a cause of action might not be so inexorable as to bar a later suit for continuation of the detention after the first suit is filed. *Cf. Kaiser v. Northwest Shopping Center, Inc.*, 587 S.W.2d 454, 457 (Tex. Civ.App.—Dallas 1979, writ ref'd n. r. e.) (subsequent suit for continuing breach of lease). Nevertheless, we conclude that to require a person falsely imprisoned, in order to avoid limitation, to bring suit for the single, continuing tort before expiration of the limitation period on his entire cause of action would run counter to the policy underlying the rule against splitting a cause of action. Such a person would either be required to file successive suits or he would be denied the privilege of the full limitation period in filing suit for each day of imprisonment after the first. Moreover, if his imprisonment should continue for the full limitation period, he would either be required to bring successive suits for each limitation period or he would lose his right to damages in whole or in part. We are unwilling to adopt a rule that would encourage a multiplicity of suits. We hold, rather, that if the plaintiff elects to wait and bring a single suit for the whole period of his imprisonment, as the law should encourage him to do, his cause of action for the single, continuing wrong does not accrue until his imprisonment ends.

This conclusion is supported by decisions in a number of jurisdictions, although the reasoning in these opinions varies. *See Donaldson v. O'Connor*, 443 F.2d 507, 529 (5th Cir. 1974), *vacated on other grounds*, 422 U.S. 563, 95 S.Ct. 2486, 45 L.Ed.2d 396 (1975); *Kirwan v. State*, 31 Conn.Sup. 46, 320 A.2d 837, 838 (1974); *Matovina v. Hult*, 125 Ind.App. 236, 123 N.E. 893, 895 (1955);

*Fischer v. Seamen's Church Institute*, 195 Misc. 471, 92 N.Y.S.2d 379, 381 (Sup.Ct.), *modified on other grounds*, 275 App.Div. 1047, 92 N.Y.S.2d 427 (1949). In other cases, although claims for false imprisonment were held barred by limitation, the courts have said that the cause of action accrues on termination of the imprisonment rather than on termination of legal proceedings as in cases of malicious prosecution. *Collins v. County of Los Angeles*, 241 Cal. App.2d 451, 50 Cal.Rptr. 586, 588–89 (1966); *Hackler v. Miller*, 79 Neb. 206, 112 N.W. 303 (1907); *Salerno v. Lansing*, 269 App.Div. 810, 55 N.Y.S.2d 482 (1945); *Mobley v. Broome*, 248 N.C. 54, 102 S.E.2d 407, 409 (1958); *Belflower v. Blackshere*, 281 P.2d 423, 425–26 (Okl.1955); *Nave v. City of Seattle*, 68 Wash.2d 93, 415 P.2d 93, 94–95 (1966).

When this analysis is applied to the facts of the present case, it is clear that the summary judgment in favor of the hospital and Dr. Speegle is erroneous, since the suit was brought on October 29, 1976, and the summary-judgment proof shows that plaintiff was released from the hospital on October 29, 1974. For this purpose we disregard plaintiff's opposing affidavit, with its obviously erroneous date, and note that the evidence presented in support of the motion fails to establish as a matter of law that plaintiff's detention ceased more than two years before the suit was filed. On the contrary, the motion attaches as an exhibit the petition in which plaintiff alleged that his confinement began on October 28, 1974, and continued until the next day.

Different considerations apply to the claim against Belo and Swank. The petition alleges that Swank took plaintiff to the hospital on October 28, 1974, but alleges no participation by Belo and Swank in unlawful conduct on October 29. Consequently, they argue, so far as they are concerned both the detention and release occurred on October 28. They cite *Alexander v. Thompson*, 195 F. 31, 33 (6th Cir. 1912); *Kenney v. Killian*, 133 F.Supp. 571, 576 (W.D.Mich. 1955); and *Kirwan v. State*, 31 Conn.Sup. 46, 320 A.2d 837, 840 (1974), *aff'd* 168 Conn. 498, 363 A.2d 56 (1975). On the other hand,

authority exists to the effect that where two or more parties participate at different times in an unlawful detention, the plaintiff is not obligated to divide the wrong and sue each for a part, but that all joining in the unlawful detention at any time are liable as joint tortfeasors. *Matovina v. Hult*, 125 Ind.App. 236, 123 N.E.2d 893, 898 (1955); *see Wolf v. Perryman*, 82 Tex. 112, 17 S.W. 772, 775 (1891); *McDonald v. Henderson*, 250 S.W. 463 (Tex.Civ.App.—Amarillo 1923, no writ).

We conclude, however, that this question is not controlling because even if the tort of Belo and Swank, as alleged in the petition, was complete on October 28, the summary-judgment proof raises at least a fact issue as to whether limitation was suspended until the next day. The petition, which is attached to the motion, alleges that after plaintiff was taken into the hospital he was not allowed to use the telephone and was not allowed to confer with his attorney or other person outside the hospital. This allegation is supported by plaintiff's affidavit, which states that he was denied the right to call anyone, including his attorney, though he specifically requested permission to call an attorney, until his release on October 29. His response to the motion for summary judgment points out that plaintiff "was suffering from a disability, that of being imprisoned against his will and kept incommunicado during such imprisonment, and that this disability was not removed until he gained his release on the twenty-ninth."

We must decide whether the circumstances so alleged and asserted, if taken as proved, would suspend the statute. We hold that they would. Article 5535, Tex. Rev.Civ.Stat.Ann. (Vernon Supp.1978–1979) provides:

If a person entitled to bring an action mentioned in this subdivision of this title be at the time the cause of action accrues either a minor, a married person under twenty-one years of age, *a person imprisoned* or a person of unsound mind, the time of such disability shall not be

deemed a portion of the time limited for the commencement of the action and such person shall have the same time after the removal of his disability that is allowed to others by the provisions of this title. [Emphasis added.]

The evident purpose of this article is to suspend limitation with respect to persons who have no access to the courts. "Disability" evidently includes practical as well as legal incapacity to sue. Thus, the term "imprisoned" has been interpreted as determined by the practical circumstances of the nature and degree of the restraint imposed and as bearing on the plaintiff's ability in fact to care for his affairs, rather than as invoking technical rules of legal incapacity. *Carter v. Associated Transfer & Storage Co.*, 410 S.W.2d 830, 833 (Tex. Civ.App.—Waco 1966, no writ).

In this respect a person confined to a mental hospital may have an even greater disability than a person in an institution of correction, particularly if, as alleged here, he is prevented from communicating with persons outside. The statute contains no implication that limitation is suspended only if the party pleading limitation is responsible for the disability. Consequently, we hold that plaintiff's confinement in the hospital was a "disability" within article 5535, which was not removed until his release on October 29. It follows that the trial court also erred in rendering summary judgment for defendants Swank and Belo on their plea of limitation.

Reversed and remanded.