TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-99-00004-CV






Marshall Jackson, Jr., Appellant



v.



W. J. Estelle, Jr. and State of Texas, Appellees







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 345TH JUDICIAL DISTRICT


NO. 98-09449, HONORABLE MARGARET A. COOPER, JUDGE PRESIDING







Factual Background


 Jackson alleges he was illegally confined from 1977 to 1981, and then "released"
February 26, 1993. (1) As a result of the alleged wrongful detention, Jackson claims he suffered
personal injuries, and pursuant to 42 U.S.C.A. § 1983 (West 1994), filed the present action
against the State of Texas and W. J. Estelle, (2) a former director of Texas Department of Criminal
Justice on August 24, 1998. The State moved to dismiss Jackson's lawsuit as frivolous,
contending inter alia that his causes of action were barred by the statute of limitations. See Tex.
Civ. Prac. & Rem. Code Ann. §§ 14.003, (3) 103.007 (West 1997 & Supp. 1999). The trial court
granted the State's motion to dismiss Jackson's lawsuit with prejudice in its entirety as frivolous. 
Jackson appeals. We will affirm. 


Discussion and Holding


 We review dismissals of inmate litigation under an abuse of discretion standard. 
Birdo v. DeBose, 819 S.W.2d 212, 214 (Tex. App.--Waco 1991, no writ). In deciding if a claim
is frivolous, the trial court may consider whether the claim has no arguable basis in law or in fact. 
Tex. Civ. Prac. & Rem. Code § 13.001(b)(2) (West Supp. 1999). The State argues that Jackson's
claims are barred by the statute of limitations.

 The applicable statutes of limitations for Jackson's claims are two years. See id.
§ 16.003(a) (personal injury statute of limitations is two years); Pete v. Metcalfe, 8 F.3d 214, 217
(5th Cir. 1993) (applying Texas two-year statute of limitations for personal injury lawsuit to
section 1983 false imprisonment claim); Tex. Civ. Prac. & Rem. Code § 103.007 (West 1997)
(cause of action for wrongful imprisonment is two years). At the latest, Jackson's cause of action
accrued on February 26, 1993, the date of his "release" from his original conviction. Adler v.
Beverly Hills Hospital, 594 S.W.2d 153, 156 (Tex. Civ. App.--Dallas 1980, no writ) (false
imprisonment is a continuing tort for which a cause of action accrues when the detention ceases);
Pete, 8 F.3d at 217 (section 1983 claims accrue when plaintiff knows or has reason to know of
injury which is basis of action). Accordingly, Jackson's lawsuit filed in 1998, complaining of his
wrongful confinement from 1977 to 1981 from which he was "released" in 1993, is time-barred
unless the limitations period is tolled. Jackson argues that his imprisonment is a legal disability
sufficient to toll the statute of limitations under section 16.001. (4) Even if that were correct, the
statute would commence running upon his release and Jackson did not file suit until five years
after his "release" from his original conviction that lead to the 1977 to 1981 incarceration. 
Imprisonment, however, is no longer a disability which tolls the statute of limitations. Tex. Civ.
Prac. & Rem. Code Ann. § 16.001(a) (West Supp. 1999); White v. Cole, 880 S.W.2d 292, 295
(Tex. App.--Beaumont 1994, writ denied).

 Because Jackson's cause of action accrued on his February 26, 1993 "release" and
because Jackson has not shown that the limitations period was tolled thereafter, we hold that his
lawsuit filed August 24, 1998 is barred by the two-year statute of limitations. Accordingly, the
trial court did not abuse its discretion in dismissing the suit as frivolous. We affirm the trial
court's order of dismissal. (5)



 

 J. Woodfin Jones, Justice

Before Justices Jones, B. A. Smith and Yeakel 

Affirmed

Filed: December 2, 1999

Do Not Publish

1. It appears that Jackson obtained relief through a post-conviction application for writ of
habeas corpus and his original conviction resulting in the 1977-81 confinement was dismissed on
February 26, 1993. Apparently, on February 26, 1993 Jackson was incarcerated and remains
incarcerated on another conviction.
2. According to the record, Estelle has not been served with citation. 

3. Inmate litigation is governed by chapter 14 of the Civil Practice and Remedies Code. See
Tex. Civ. Prac. & Rem. Code Ann. §§ 14.001-.014 (West Supp. 1999). Dismissals of causes of
action accruing prior to June 8, 1995, the effective date of the act, are governed by section 13.001
of the Civil Practice and Remedies Code. Because Jackson's cause of action accrued prior to June
8, 1995 we will apply section 13.001. 
4. On appeal, Jackson argues that the statute of limitations was also tolled because he was
denied access to the law library which prevented him from timely bringing his lawsuit. Because
Jackson failed to raise this ground to the trial court, we cannot address it on appeal. Tex. R. App.
P. 33.1(a)(1)(A).
5. The trial court's order of dismissal only names the State of Texas as a moving defendant in
the motion to dismiss. Where a judgment disposes of all named parties other than those who have
not been served and have not appeared, the judgment is final for appellate purposes, and the case
stands as if there had been a discontinuance as to the parties not served. Young v. Hunderup, 763
S.W.2d 611, 612-13 (Tex. App.--Austin 1989, no writ). Accordingly, the trial court's dismissal
is final and Jackson's claims against Estelle are discontinued. 


ion and Holding


 We review dismissals of inmate litigation under an abuse of discretion standard. 
Birdo v. DeBose, 819 S.W.2d 212, 214 (Tex. App.--Waco 1991, no writ). In deciding if a claim
is frivolous, the trial court may consider whether the claim has no arguable basis in law or in fact. 
Tex. Civ. Prac. & Rem. Code § 13.001(b)(2) (West Supp. 1999). The State argues that Jackson's
claims are barred by the statute of limitations.

 The applicable statutes of limitations for Jackson's claims are two years. See id.
§ 16.003(a) (personal injury statute of limitations is two years); Pete v. Metcalfe, 8 F.3d 214, 217
(5th Cir. 1993) (applying Texas two-year statute of limitations for personal injury lawsuit to
section 1983 false imprisonment claim); Tex. Civ. Prac. & Rem. Code § 103.007 (West 1997)
(cause of action for wrongful imprisonment is two years). At the latest, Jackson's cause of action
accrued on February 26, 1993, the date of his "release" from his original conviction. Adler v.
Beverly Hills Hospital, 594 S.W.2d 153, 156 (Tex. Civ. App.--Dallas 1980, no writ) (false
imprisonment is a continuing tort for which a cause of action accrues when the detention ceases);
Pete, 8 F.3d at 217 (section 1983 claims accrue when plaintiff knows or has reason to know of
injury which is basis of action). Accordingly, Jackson's lawsuit filed in 1998, complaining of his
wrongful confinement from 1977 to 1981 from which he was "released" in 1993, is time-barred
unless the limitations period is tolled. Jackson argues that his imprisonment is a legal disability
sufficient to toll the statute of limitations under section 16.001. (4) Even if that were correct, the
statute would commence running upon his release and Jackson did not file suit until five years
after his "release" from his original conviction that lead to the 1977 to 1981 incarceration. 
Imprisonment, however, is no longer a disability which tolls the statute of limitations. Tex. Civ.
Prac. & Rem. Code Ann. § 16.001(a) (West Supp. 1999); White v. Cole, 880 S.W.2d 292, 295
(Tex. App.--Beaumont 1994, writ denied).

 Because Jackson's cause of action accrued on his February 26, 1993 "release" and
because Jackson has not shown that the limitations period was tolled thereafter, we hold that his
lawsuit filed August 24, 1998 is barred by the two-year statute of limitations. Accordingly, the
trial court did not abuse its